UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jane Doe,                                                        Criminal No. 17-2017 (SRN/FLN)

          Plaintiff,
  v.                                                          **ORDER AND REPORT AND RECOMMENDATION**

Ryan K. Zinke,

          Defendant.

---

Jane Doe, *pro se*, for Plaintiff.
Ana Voss, Assistant United States Attorney, for Defendant.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on January 19, 2018, on Plaintiff Jane Doe's motion to proceed in pseudonym (ECF No. 3), and Defendant Ryan K. Zinke's motion to dismiss (ECF No. 13). Defendant's motion to dismiss (ECF No. 13) was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. *See* ECF No. 19. For the reasons set forth below, Plaintiff's motion to proceed in pseudonym (ECF No. 3) is **DENIED** and the Court recommend's that Defendant's motion to dismiss (ECF No. 13) be **DENIED** without prejudice.

## I. SUMMARY OF FACTS

Plaintiff is a former employee of the United States Department of Interior. ECF No. 1 ¶ 1. Defendant Ryan K. Zinke is the current Secretary of the Department of Interior, and is being sued in his official capacity. *Id.* ¶ 2. Plaintiff alleges that in 2011, she entered into a settlement agreement with the then United States Department of Interior, Office of Hearing and Appeals, Director Robert More. *Id.* ¶¶ 10–12. Pursuant to the settlement agreement, Plaintiff's position as an Administrative Judge in the White Earth Land Settlement Act Hearings Division, was to be converted to a

permanent appointment in the Twin Cities area. *Id.* ¶¶ 10–13. According to Plaintiff, after the retirement of Director More, the Acting Director Ms. Goodwin informed her that she was opposed to establishing an office in Minnesota, and after subjecting Plaintiff to verbal abuse and harassment, closed Plaintiff's office in Minnesota and terminated Plaintiff. *Id.* ¶¶ 16–34. Plaintiff alleges that when she was terminated, similarly situated male employees were retained. *Id.* ¶ 38.

## II. CONCLUSION OF LAW

Plaintiff moves for leave to proceed in this action under the pseudonym of Jane Doe a/k/a Franchesca V. *See* ECF No. 3. Defendant opposes Plaintiff's request, moves the Court to dismiss Plaintiff's Complaint without prejudice, and asks the Court to require Plaintiff to file an Amended Complaint in her own name. *See* ECF No. 15.

Federal Rule of Civil Procedure 10(a) requires that a pleading contain the names of all parties. *See* Fed. R. Civ. P. 10(a). This is because there is a strong presumption in identifying the parties in a litigation. *See Luckett v. Beaudet*, 21 F. Supp. 2d. 1029, 1029 (D. Minn. 1998). "There is a First Amendment interest in public proceedings, and identifying the parties to an action is an important part of making it truly public. When a party invokes the judicial powers of the United States, she invites public scrutiny of the dispute and the proceeding." *Id.* (citation omitted). Only in exceptional cases may a party be allowed to proceed anonymously. *Doe v. Megless*, 654 F.3d 404, 408 (3d. Cir. 2011).

While the Eighth Circuit has not specifically addressed when to permit a litigant to proceed in pseudonym, other courts have considered three circumstances which, if present, might support allowing a party to proceed in pseudonym: (1) plaintiff is challenging a governmental activity; (2) plaintiff would have to "disclose information of the utmost intimacy" in prosecuting her claim; or (3) plaintiff would be compelled to admit their intention to engage in illegal activity, thereby risking

criminal prosecution. *Luckette*, 21 F. Supp. 2d. at 1029 (applying factors from *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)); *see also Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981); *Doe v. Univ. of St. Thomas*, No. 16-cv-1127 (ADM/KMM), 2016 WL 9307609 at *1 (D. Minn. May 25, 2016). In the present case, while Plaintiff may arguably be challenging a governmental activity, when considering the nature of Plaintiff's claims, her asserted privacy interest, and the strong presumption against the use of pseudonym, the Court finds no reason to allow Plaintiff to proceed in pseudonym. *See id.*

Plaintiff's claim's against Defendant are typical in employment discrimination cases. Plaintiff alleges that Defendant wrongfully terminated her, discriminated against her based on her gender, and retaliated against Plaintiff for complaining to the EEOC. *See generally*, Complaint, ECF No. 1. Claims such as these are routinely brought in federal court under the plaintiff's real name. Moreover, prosecuting Plaintiff's claims do not require Plaintiff to disclose highly sensitive information of the utmost privacy. *Id*. In this regard, Plaintiff's reliance on *Doe v. Univ. of St. Thomas*, No. 16-cv-1127, 2016 WL 9307609 at *1 (D. Minn. May 25, 2016) is misplaced. In *Doe v. Univ. of St. Thomas*, the complaint and its supporting documents described private sexual acts between two young college students. *Id*. The Court, in allowing plaintiff to proceed pseudonymously, found that "forcing Mr. Doe to proceed under his true name would guarantee a permanent label as a sex offender . . . arguably worse than the reputational harm he complains of from the University's confidential disciplinary proceedings." *Id.* at *3. Here, Plaintiff's privacy interests do not outweigh the public's interest in an open proceeding. *See Luckett*, 21 F. Supp. 2d at 1030.

Plaintiff should be given 60 days to file an amended complaint that conforms to Fed. R. Civ. P. 10(a).

Defendant's motion to dismiss is based entirely on the plaintiff's failure to identify herself in accordance with Fed.R.Civ.P. 10(a).  If Plaintiff files an amended complaint that identifies her, the Defendant's motion to dismiss will immediately become moot.  In the event the plaintiff fails to file such an amended complaint, Defendant is free to renew his motion to dismiss.

## IV. ORDER

Based upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed in pseudonym (ECF No. 3) is **DENIED**.

2. Plaintiff is given sixty (60) days to file an Amended Complaint in her own name.

## V. RECOMMENDATION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's motion to dismiss (ECF No. 13) be **DENIED** without prejudice.

DATED: February 14 , 2018                     *s/Franklin L. Noel*
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).